**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

**UNITED STATES OF AMERICA**

**VS.**

**BILLY A. LITTLE,**

    **Defendant**

NO. 5: 08-CR-29 (HL)

VIOLATION: Firearms Related

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Ms. Catherine Michele Leek of the Federal Defenders Office; the United States was represented by Assistant U. S. Attorney Michael T. Solis. Based upon the evidence proffered to the court by counsel for the parties and the contents of the Pretrial Services Report dated July 3, 2008, as well as argument and comments of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☐ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

    ☐ under 18 U.S.C. §924(c).

☐ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, including Government's Exhibit 1 admitted without objection, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated July 3, 2008, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of defendant Little were he to be released from custody at this time. Defendant Little has strong family ties to the Jacksonville, Florida area. He has been unemployed since his arrest in January, 2008, although he had employment from October of 2007 when he was released from prison until his arrest. The offense charged against him is a serious one for which long-term imprisonment may be imposed in the event of a conviction after trial or a plea of guilty. The weight of evidence against him is strong. It appears that defendant Little was a passenger in an automobile stopped for traffic violations by Twiggs County authorities back in January of 2008. He and his co-defendant are alleged to have possessed a firearm in this automobile, and evidence proffered established that he [Little] fled the scene before being questioned by officers. His estimated guideline sentencing range is 41 months to 51 months in prison if convicted.

Defendant Little has a history of criminal arrests and convictions going back to 1991. He was convicted of AGGRAVATED ASSAULT WITH A DEADLY WEAPON in 1992 in Jacksonville, Florida, and of MANSLAUGHTER in 1993, also in Jacksonville, Florida. Significantly, the instant federal offense is alleged to have been committed within four months of his release from prison in Florida on his MANSLAUGHTER conviction, following his serving some 15 years in prison.

The defendant has a history of drug usage. He advised the probation officer preparing his Pretrial Services Report that he used marijuana some 10 to 15 times a couple of months prior to his arrest in January of 2008.

For the foregoing reasons, the undersigned finds that defendant Little would pose a serious risk of flight were he to be released from custody. Pretrial detention is thus mandated. IT IS SO ORDERED AND DIRECTED.

### PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 9th day of JULY, 2008.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE